# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AARON R. STANLEY,**

        **Plaintiff,**

    v.                                     CASE NO. 12-3089-SAC

**COL. ERIC R. BELCHER, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the court on a civil complaint filed by a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). Plaintiff proceeds pro se and submitted the full filing fee.

Plaintiff seeks declaratory and injunctive relief and damages for events arising from an August 2010 incident at the USDB in which inmates were allegedly subjected to excessive and unnecessary force in quelling an uprising. Plaintiff also challenges a June 2011 modification of the USDB custody elevation policy which created certain disqualifying conditions, including the pendency of disciplinary action, resulting in the ineligibility of many of those involved in the August 2010 incident for elevation of custody. The court has examined the complaint and finds a response is necessary to ensure the proper resolution of plaintiff's claims.

*Motions for class certification and appointment of counsel*

Plaintiff seeks the certification of this matter as a class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. A person may conduct his own case personally, that is, pro se, or through counsel. 28 U.S.C. § 1658. However, plaintiff may not proceed on behalf

of others incarcerated at the USDB. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)(A party "may bring his own claims in federal court without counsel, but not the claims of others.") Accordingly, plaintiff will not be allowed to serve as a class representative, and the motion to certify this matter as a class action is denied.

Plaintiff also moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil action. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). While 28 U.S.C. §1915(e)(1) allows the court to request that an attorney represent a party unable to afford counsel, the decision whether to appoint counsel is in the discretion of the district court. *Williams v. Meese*, 926 F.3d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the court should consider the likely merits of the claims, the nature of the factual issues presented, the movant's ability to present the claims, and the complexity of the legal issues presented. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The court has reviewed the complaint and finds plaintiff is articulate and able to explain the relevant facts and legal grounds. He has prepared and submitted a complex pleading with a number of exhibits. The court finds no basis to appoint counsel at the present but will reconsider the request upon the further development of the record.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for court-appointed class counsel (Doc. 2) and for certification as a class (Doc. 3) are denied.

IT IS FURTHER ORDERED the clerk of the court shall issue summons to the named defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, with costs taxed to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 26th day of March, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge